UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

CLEAR SKIES NEVADA, LLC,   Case No. 3:15-cv-2142-AC

        Plaintiff,   OPINION AND ORDER

    v.

DOE-98.232.166.89, DOE-50.186.19.28,
DOE-98.246.171.43, DOE-73.37.43.131,
DOE-73.164.170.35, DOE-76.105.226.122,
DOE-24.20.18.61, DOE-98.246.189.116, and
DOE-98.246.96.204,

        Defendants.

ACOSTA, Magistrate Judge:

*Introduction*

Plaintiff, Clear Skies Nevada, LLC ("Clear Skies"), filed this action asserting copyright infringement against nine Doe defendants identified only by his/her internet protocol address ("Defendants"). The court immediately granted Clear Skies's *ex parte* motion to expedite discovery

to ascertain the identity of the Defendants and Clear Skies issued subpoenas to Defendants' internet provider for that purpose.

Less than two months after filing the action, Doe-76.105.226.122 ("Doe Defendant") moved to quash the subpoena issued to his/her internet provider and sever all defendants other than the first-named defendant, arguing the mass joinder of defendants was improper based on prior rulings in this district. The same day, Clear Skies moved to sever Doe Defendant.

In an Amended Findings and Recommendation filed on April 27, 2016, and adopted by Judge Mosman on May 6, 2016 ("F&R"), the court granted Doe Defendant's motion to sever and directed Clear Skies to file individual actions against each defendant other than the first-named defendant. The court denied Doe Defendant's motion to quash, instead transferring all outstanding subpoenas to their respective individual actions. Finally, the court deferred ruling on Doe Defendant's request for attorney's fees until a final judgment is rendered. The court expressly stated: "following final judgment, [Doe Defendant] can renew his/her request for attorney's fees that was included in the motion to dismiss/sever. Consideration of such speculative expenses is premature at this stage of the proceedings." *Clear Skies Nevada, LLC, v. Doe-98.232.166.89*, Case No. 3:15-cv-02142-AC, Amended Findings and Recommendation, ECF No. 29, at 6.

On May 10, 2016, Clear Skies filed a separate lawsuit against Doe Defendant. On May 11, 2016, the court terminated this action based on the existence of a Stipulated Consent Judgment with regard to the first-named defendant and the severance of all other defendants. The court specifically dismissed the matter without prejudice and without costs or fees to any party. On May 19, 2016, Doe Defendant filed a motion for attorney's fees pursuant to the court's inherent power and 17 U.S.C. § 505.

*Legal Standard*

I. 17 U.S.C. § 505

The Copyright Act authorizes the court, in its discretion, to award costs by or against any party in a civil action brought under the Copyright Act.[1] 17 U.S.C. § 505 (2016). "[T]he court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505.

II. Inherent Power

A federal court may levy sanctions under its inherent power for willful disobedience of a court order; when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons; or against counsel who willfully abuse judicial processes. *Fink v. Gomez,* 239 F.3d 989, 991-92 (9th Cir. 2001)(citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766 (1980)). The inherent power "extends to a full range of litigation abuses," but the litigant must have "engaged in bad faith or willful disobedience of a court's order." *Id.* at 992 (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46-47 (1991)); *accord Mendez v. County of San Bernadino*, 540 F.3d 1109, 1132 (9th Cir. 2008); *In re Keegan Mgmt. Co. Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996). The inherent power to sanction "must be exercised with restraint and discretion." *Chambers*, 501 U.S. at 44.

*Discussion*

Clear Skies objects to an award of attorney's fees at this time, arguing the court directed Doe Defendant to seek such fees upon the issuance of a final judgment. As the case against Doe Defendants continues, albeit in a different action, Clear Skies contends no final judgment has been entered with regard to Doe Defendant and, therefore, any motion for attorney's fees is premature. The court agrees.

---

[1] Costs may not be awarded against the United States or an officer thereof.

Doe Defendant sought, and the court granted, severance under Federal Rule of Civil Procedure 21. The effect of such severance was to create two independent, discrete actions allowing the court to render a final appealable judgment in each action regardless of the status of the other action. *United States v. O'Neil*, 709 F.2d 361, 368 (5th Cir. 1983). Accordingly, the dismissal order in this action did not serve to dismiss the continuing action against Doe Defendant. Moreover, the dismissal order notes the sole defendant in this case at the time of dismissal was the first-named defendant, further supporting a conclusion the dismissal order was not effective with regard to Doe Defendant. Finally, even assuming the dismissal order could be considered final judgment with regard to Doe Defendant, it dismissed the case without prejudice and without costs or fees to any party, thereby defeating any claim for attorney's fees filed in this action.

The court made clear in the F&R any request for attorney fees would be speculative prior to the issuing of a final judgment and deferred ruling on Doe Defendant's request for attorney's fees until a final judgment is rendered. The continuation of the action against Doe Defendant and the absence of any final judgment resolving that action makes an award of attorney's fees to Doe Defendant speculative and premature. Doe Defendant is not entitled to an award of attorney's fees at this juncture.

*Conclusion*

Doe Defendant's motion (ECF No. 35) for attorney's fees is DENIED with leave to refile upon the issuance of a final judgment in the severed action.

DATED this 19th day of August, 2016.

JOHN V. ACOSTA
United States Magistrate Judge